USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-13-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE R. ORTIZ, : 16-CV-7927 (LAP)
       Petitioner, : MEMORANDUM & ORDER
       : ADOPTING REPORT &
       : RECOMMENDATION
    v. :
DANIEL F. MARTUSCELLO, JR., :
       Respondent. :
------------------------------------X

LORETTA A. PRESKA, Senior United States District Judge:

    On October 5, 2016, Petitioner Jose Ortiz filed a habeas corpus petition in accordance with 28 U.S.C. § 2254, challenging his state court conviction and sentence. (Petition for Writ of Habeas Corpus ("Petition"), dated Oct. 5, 2016, [dkt. no. 2].) Magistrate Judge Ona T. Wang issued a Report and Recommendation ("Report") on August 23, 2018, recommending that the Petition be denied. (Report and Recommendation ("Report"), dated Aug. 23, 2018 [dkt. no. 25].) Judge Wang also recommended that the Court deny the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253. (Id. at 20.) The parties were given 14 days to file any objections. (Id. at 20-21.) Petitioner filed his objections on September 7, 2018. (Objection to Report and Recommendation ("Objections"), dated Sept. 7, 2018 [dkt. no. 27].)

1

I. Background

Ortiz's habeas petition articulates two broad grounds for relief. First, he claims that he did not receive effective assistance of counsel because his trial counsel (a) failed to enforce a purported plea offer of 1.5 to 3 years; (b) failed to move to dismiss the indictments for legal sufficiency and actual innocence; (c) waived Ortiz's speedy trial rights by agreeing to adjourn his trial date; and (d) induced Ortiz to plead guilty. Second, Ortiz claims that he is actually innocent.

In recommending denial of Ortiz's petition, Judge Wang found that none of Ortiz's ineffective assistance of counsel arguments satisfied the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). (Report at 12-18.) Judge Wang concluded that nothing in the record suggested that Ortiz's guilty plea was involuntary or that his attorney took any steps to induce or pressure Ortiz to plead guilty. (Id. at 12.) To the contrary, Judge Wang found that the record showed that Ortiz decided to enter a guilty plea after receiving assurances from the court regarding the duration of his sentence and that Ortiz's plea allocution demonstrated that he knowingly, intentionally, and voluntarily pleaded guilty. (Id. at 12-15.) Judge Wang further concluded that the 1.5 to 3.5 year plea offer Ortiz claims his counsel failed to enforce was no longer on the table at the time Ortiz decided to plead guilty. (Id. at 15-

2

18.) Lastly, Judge Wang rejected Ortiz's speedy trial argument, noting that the trial judge found that the adjournments were for purposes of reaching a global resolution in multiple cases, that several delays were caused by Ortiz's repeated requests for new counsel, and that, in any event, Ortiz's speedy trial objection was mooted by his voluntary guilty plea. (Id. at 18.)

With respect to Ortiz's actual-innocence claim, Judge Wang noted that no Supreme Court or Second Circuit precedent contemplates the viability of a free-standing actual-innocence claim. (Id. at 19.) Assuming that Ortiz could bring such a claim, Judge Wang concluded that Ortiz failed to demonstrate his actual innocence by clear and convincing evidence, such that the state court's prior rejection of his actual innocence argument on appeal was not contrary to federal law. (Id. at 20.)

In his objections to the Report, Ortiz argues that Judge Wang (1) failed adequately to address Ortiz's claims because an evidentiary hearing was required to examine facts outside the record; (2) ignored the facts underlying Ortiz's arrest; (3) did not properly consider the merits of Ortiz's ineffective assistance of counsel and actual innocence claims; (4) failed to consider that Ortiz's plea was not voluntary; and (5) analyzed the law in an unreasonable fashion. (Objections at 1-8.)

3

II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When timely objections have been made to the Report, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a petitioner objects by simply reiterating previous arguments or making only conclusory statements, the Court should review such objections for clear error. See Genao v. United States, No. 08 CIV. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011).

Having considered Ortiz's submission and conducted a de novo review, the Court overrules his objections.[1] Ortiz primarily reprises arguments asserted in his habeas petition

---

[1] Ortiz was released on parole on December 26, 2016 and discharged from parole on December 26, 2018. Although Ortiz has fully served his sentence, the Court does not find his Petition moot because he still remains subject to "collateral consequences" from his conviction. See Spencer v. Kemna, 523 U.S. 1, 7-8, 10 (1998) ("[W]e proceed to accept the most generalized and hypothetical of consequences as sufficient to avoid mootness in challenges to conviction."); Sibron v. New York, 392 U.S. 40, 55-56 (1968) (noting that "adverse collateral legal consequence[s]" from a conviction include its potential use for impeachment and the possibility of enhanced penalties on subsequent convictions).

4

that were properly addressed in Judge Wang's Report, which the Court finds to be well-reasoned, thoroughly grounded in the law, and free of clear error. The Court notes that although Ortiz included a one-line request for an evidentiary hearing in his petition (see Petition at 15), nowhere in his habeas submissions did he expound on why such relief was warranted. (See id.) The Court need not consider this newly advanced argument at this point, see Pierce v. Mance, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) ("new claims may not be raised properly at this late juncture" and "should be dismissed"), but nevertheless rejects it because Ortiz fails to explain why a hearing was necessary or what it would have revealed.

## Conclusion

For the foregoing reasons, the Report is ADOPTED in its entirety and Ortiz's petition is DENIED. The Court declines to issue a certificate of appealability because Ortiz has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed to mark this action closed and deny all pending motions as moot.

SO ORDERED.

Dated:  New York, New York
        December 12, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge